IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VINCENT D. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:26-cv-00187 |
| | ) | |
| DAVIDSON COUNTY SHERIFF'S | ) | JUDGE RICHARDSON |
| OFFICE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Davidson County inmate Vincent D. Johnson filed a pro se Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2241 (Doc. No. 1) without paying the filing fee. In response to the

Court's deficiency order (Doc. No. 4), Petitioner has now paid the filing fee (Doc. No. 5) and filed

an Amended Petition. (Doc. No. 6.) The Amended Petition is now before the Court for initial

review.

**I. INITIAL REVIEW**

Habeas Rule 4 requires the Court to examine the Amended Petition to ascertain as a

preliminary matter whether "it plainly appears from the [amended] petition and any attached

exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254

Cases.[1] The Court is not only "authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), but "has a duty to

screen out" such petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C.

§ 2243).

---

[1] These Rules also apply in Section 2241 cases. *See* Habeas Rule 1(b).

A. <u>Claims of the Amended Petition</u>

The Amended Petition claims that Petitioner's bond was unlawfully revoked based on "facts not supported by any evidence in the record." (Doc. No. 6 at 1–2.) It claims that the bond revocation violated Petitioner's due process rights as well as applicable Tennessee law. (*Id.* at 2.) It also claims that Petitioner was denied fair and impartial pretrial proceedings because of the trial judge's prejudicial statements; her prior involvement as the issuer of a search warrant during the investigation of the case; her "[r]epeated refusal to rule on filed motions," including a motion to dismiss the case for violation of Petitioner's speedy trial rights; and her failure "to address or correct admitted prosecutorial misconduct … [and] ineffective assistance of counsel." (*Id.*) As to the allegedly unresolved speedy trial motion, Petitioner asserts that the motion was filed on March 6, 2025 and never ruled on, and that he was indicted on June 7, 2025. (*Id.*)

As relief, Petitioner asks this Court to vacate the state court's orders revoking and denying bond, and to order his immediate release or, alternatively, to restore his pre-revocation bond setting. (*Id.* at 4.)

Attached to the Amended Petition are the state court's orders denying Petitioner's motion to reconsider bond (Doc. No. 6-1 at 15–18, entered May 8, 2025) and his request to set bond (*id.* at 19, entered Apr. 2, 2026). Also attached is Petitioner's correspondence to his defense counsel on September 2, 2025—between the dates when the trial court denied his two most recent bond-related motions—in which he documents his requests for counsel to file an interlocutory appeal of the bond revocation. (*Id.* at 1, 5, 7.) The April 2026 order denying bond states that Petitioner's "bond will remain revoked" and that his "case is set for trial September 28, 2026, with the issue of bond deemed settled and not to be reheard." (*Id.*)

B. <u>Analysis</u>

Section 2241 authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights, *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000)), or that the determination of bail/bond pending trial was unreasonable. *Atkins*, 644 F.2d at 549.

The Amended Petition before the Court presents a claim that Petitioner was deprived of a "fair [and] impartial judicial process" because, *inter alia*, the trial judge failed to rule on a speedy trial motion. (Doc. No. 6 at 2.) The Court liberally construes that claim as a claim that Petitioner's speedy trial rights have been violated. The Amended Petition also includes a straightforward claim that bond was unreasonably denied after the matter was litigated at a revocation hearing, at a subsequent hearing on Petitioner's motion to reconsider, and at a hearing the following year on Petitioner's renewed motion to set bond. These are cognizable Section 2241 claims.

However, before presenting a Section 2241 claim in federal court, a state inmate must exhaust his remedies in the state trial **and** appellate courts. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust); *see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) (where state inmates seek relief under § 2241, they "must exhaust all available state court remedies before proceeding in federal court"). Exhaustion "requires the detainee to 'avail[] himself fully of the state machinery in attempting to have the state

commence trial on the charges pending against him.'" *McConahie v. City of Waverly, Tenn.*, No. 3:22-cv-00915, 2023 WL 163143, at *2 (M.D. Tenn. Jan. 11, 2023) (quoting *Atkins*, 644 F.2d at 547). Only after state trial and appellate remedies are fully exhausted can it be said that "no avenue remained in the state court system" and Petitioner's "only recourse was to the federal [habeas] court." *Atkins*, 644 F.2d at 550.

    1. <u>Speedy Trial</u>

Regarding Petitioner's speedy trial claim, the requirement that a federal habeas petitioner first exhaust his available state remedies is "especially forceful" in the speedy trial context, because the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies that "could not be more disruptive of pending state actions." *Id.* at 546–47. In this case, Petitioner has failed to demonstrate exhaustion of his speedy trial claim. He alleges only that a motion to enforce his right to a speedy trial was filed in the trial court but not adjudicated. In the trial court's order denying Petitioner's motion to reconsider bond, the court recognized that Petitioner's third appointed lawyer filed a Motion to Dismiss for Speedy Trial Violation but, before that motion could be heard, the lawyer was granted permission to withdraw. (Doc. No. 6-1 at 24.) The record thus supports the inference that the speedy trial motion was treated as withdrawn. It was apparently not renewed either by successor counsel or by Petitioner proceeding pro se. Nor does any appeal of the speedy trial issue appear to have been pursued. This claim is therefore unexhausted.

    2. <u>Denial of Bond</u>

Likewise, Petitioner's denial of bond claim, though thoroughly litigated in the state trial court, does not appear to have been pursued on appeal to the Tennessee Court of Criminal Appeals.

Rule 8 of the Tennessee Rules of Appellate Procedure, governing "Release in Criminal Cases," states that review of an order denying pretrial release "may be had at any time before an appeal of any conviction by filing a motion for review in the Court of Criminal Appeals." Tenn. R. App. P. 8(a). Petitioner attached a letter to his Petition in which he purports to document communications with defense counsel, including a May 14, 2025 message requesting that counsel file an "Interlocutory Appeal" of his bond revocation (Doc. No. 6-1 at 1); a May 15, 2025 message informing counsel that Petitioner "was seeking private counsel [and] had no desire to [continue] with [him as] attorney" (*id.* at 3); a May 29, 2025 message requesting that counsel assert his "right to have [his] bond reviewed [and/or] a higher court to intervene," or withdraw from the representation (*id.* at 5); and a June 29, 2025 communication in which (1) Petitioner requested that counsel renew the request for bond, (2) counsel responded that the judge would not grant the request, (3) Petitioner asserted the necessity of an interlocutory appeal and that he had a right to pursue one, and (4) counsel informed him that an interlocutory appeal was not appropriate procedurally.[2] (*Id.* at 7.) Nevertheless, counsel did in fact renew the request for bond in the trial court, which heard and denied the request on April 2, 2026 (*see id.* at 19)—more than a month after Petitioner filed his original Petition in this Court. (*See* Doc. No. 1, filed Feb. 20, 2026.) There is no indication that Petitioner requested counsel to file an appeal from the April 2026 denial of bond.

Petitioner's correspondence with his attorney is not a sworn statement of his efforts to pursue appellate remedies with respect to his denial of bail claim. It therefore cannot serve as evidence that counsel thwarted his efforts to appeal. "[W]ithout 'evidentiary support for that statement,' and with no indication that Petitioner was otherwise unable to seek relief from

---

[2] *Compare* Rules 8 ("Release in Criminal Cases") and 9 ("Interlocutory Appeal by Permission From the Trial Court") of the Tennessee Rules of Appellate Procedure.

excessive bail in the … appellate courts" without counsel's assistance, "his failure to exhaust cannot be excused." *Hood v. Claflin*, No. 2:25-CV-00005, 2026 WL 395895, at *3 n.3 (M.D. Tenn. Feb. 11, 2026) (quoting *Watts v. Fuller*, No. 1:25-CV-167, 2025 WL 653464, at *4 (W.D. Mich. Feb. 28, 2025)). *See also McDuffy v. Sandage*, No. 1:20-CV-01453, 2021 WL 12410394, at *2 (C.D. Ill. July 20, 2021) ("[A] defendant who has been abandoned by counsel [with regard to filing a requested appeal] must exhaust the [abandonment] issue in state court … prior to asserting the claim as cause to overcome a procedural default in the context of § 2241. As Petitioner has not appealed the setting of his bond or otherwise litigated a claim for ineffective assistance of counsel or abandonment in state court, he has failed to exhaust his [excessive bond] claim.").

Given Petitioner's failure to exhaust available remedies in the courts of the state, this Court cannot find that his "only recourse" from the claimed denial of bond or a speedy trial was to file the instant habeas action. *Atkins*, 644 F.2d at 550. The remaining claims of the Petition, concerning violations of due process, "fall within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Taylor v. Hall*, No. 3:22-CV-00616, 2022 WL 6225465, at *2 (M.D. Tenn. Oct. 7, 2022) (citation omitted) (finding that summary dismissal of a pretrial habeas claim for violation of due process is proper because relief on such a claim may be sought via other procedures, including under 28 U.S.C. § 2254 if petitioner is convicted).

In sum, the Court must refrain from exercising jurisdiction in this case under Section 2241. The claims of the Amended Petition are either unexhausted or noncognizable. The case will therefore be dismissed without prejudice.

## II. CONCLUSION

As explained above, upon initial review of the Amended Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

This case is **DISMISSED** as unexhausted and therefore procedurally improper, without prejudice to Petitioner's ability to refile in federal court after fully exhausting his remedies in the state courts.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE